Jackson, C. J.
W-hen a plaintiff or complainant in a pending cause d ies. his executor or administrator may be made a party on notice in *203 writing, of which the defendants or their connsel shall have notice. Where pending the foreclosure of a mortgage, the defendant died and his administratrix was made a party by scire facias, and the plaintiff having died, his executrix was made a party, without notice to the defendant, and judgment of forclosure was at once rendered, the defendant not being present in person or by counsel, she had not had her day in court, and having a good defence to the forclosure, an affidavit of illegality would lie to the fi. fa. issued thereunder. Code, §3421.
J. B. Ce 3'ers; M. E. BtanselJ, for plaintiff in error.
Thos. W. Milner; J. M.Neal; T. Warren Akin, for defendant.
(a.) If the mortgage was given to secure debt in Confederate money, and large payments had been made upon it, nearly or quite sufficient to have extinguished the debt, and the foreclosure was proceeding for the principal and interest in full in the present currency, this furnished a good ground of defense.
(b.) If the only service of the rule nisi to foreclose the mortgage was by leaving a copy at the most notorious place of abode of the defendant, and there was no personal service, this furnished a good ground of defense to the foreclosure. Code, §3962; Dykes vs. MeClung, (Sej>tember term, 1884)
(c.) It makes no difference that the foreclosure of the mortgage was proceeding in the name of the mortgagee for the use of another. The legal title to the mortgage was in the morgagee, and the case could not proceed until his executrix was made a party, of which the defend, ant was entitled to notice. Code, §§3670, 3671.
Judgment reversed.